McKinney, J.,
delivered the opinion of the Court.
This was an indictment for “ selling spirituous liquors on Sunday.” On motion of the defendant, the indictment was quashed, and the Attorney - General, on behalf of the State, prosecuted an appeal in error to this Court. The judgment is clearly erroneous. The act of 1856, ch. 107, repealing the “Tippling law” of 1846, leaves in full force the act of 1838, ch. 159, which latter act prohibits the “retailing” of spirituous liquors on Sunday. The word “retailing,” in the act of 1838, cannot be taken in the limited sense of selling a less quantity than a *556 quart, or any quantity to be drank on tke premises where sold. This would be absurd: ■ first, because 'by a prior act of the same session, (ch. 120, acts of. 1838,) the act of 1831, authorizing the retailing of spirituous liquors, had been repealed; so that, at the time of the passage of the subsequent act of 1838, ch. 159, there was no existing law authorizing the retailing of' spirituous liquors, in the technical sense of the term “retailing.” Consequently, we cannot .suppose that the word was used, or intended to be understood, in that sense in ch. 159. ]But again, the very end and object of the act of 1838, ch. 159, demonstrates that the word “ retailing,” in that act, was not intended to be so understood. As said in The State vs. Eskridge, 1 Swan, 413, “The object of the Legislature was to prevent the desecration of a day which, by our law, is dedicated to the duties of religion, by the sale of an article the use of which is calculated to produce the most shameless disregard of those duties. And, in this view, whether a quart, or a less quantity, were sold, can make no difference.”
Judgment reversed.